UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISATOU CEESAY, Petitioner, -against- MARKWAYNE MULLINS, Respondent. | 26-CV-8273 (VSB) **ORDER** |

VERNON S. BRODERICK, United States District Judge:

On September 22, 2026, Petitioner Isatou Ceesay ("Ceesay" or "Petitioner") filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking immediate release from custody. (Doc. 1 ("Petition" or "Pet.").) Petitioner is a Gambian national who fled to the U.S. because of the "risk of female genital mutilation." (Pet. 7.) She is an asylum seeker and the mother of two U.S. citizen children. (*Id.*) Although neither party has provided me with Petitioner's date of initial entry into the United States, Petitioner has ostensibly resided in the U.S. for over a decade, as she was ordered to be removed on November 6, 2014. *See* A-Number: 087-986-659 Automated Case Information, *Executive Office for Immigration Review*, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 1, 2026). In or around September 2026, Ceesay was arrested and detained based on her 2014 removal order while attending a routine check-in with Immigration and Customs Enforcement ("ICE"). (Pet. 7.)

On September 23, 2026, after the instant Petition was filed, I set a briefing schedule, ordered Respondents to answer some preliminary questions about Petitioner's detention, and held an initial case conference with the parties. (Doc. 2.) Respondents represent that: Petitioner

is detained under 8 U.S.C. § 1231(a), (Doc. 5 at 1), and ICE is seeking Petitioner's removal to another county of which she is not a citizen (a "third country"), because she cannot be removed to The Gambia.

On September 30, 2026, Respondents filed a "letter of non-opposition to Petitioner's request for immediate release." (Doc. 12.) The Government has not provided any documentation regarding Petitioner's removal proceedings in 2014 or any information on whether Petitioner was eligible for other forms of relief, like withholding of removal. That same day, Petitioner filed a response to the Government's non-opposition letter. (Doc. 13.) In her response, Petitioner requests, among other things: her immediate release from detention without conditions of supervised release; the return of her property; an order requiring Respondents to provide written notice to Ceesay and her counsel with respect to any third country removal; and an order that Respondents may not detain Petitioner on the basis of her removal order from 2014 absent further directive from this Court. (Doc. 13 at 1–2.)

Respondents' letter of non-opposition makes clear that the Government consents to Petitioner's immediate release from detention. *See, e.g.*, *Kinda v. Genalo*, No. 26-CV-8308, 2026 WL 2922960, at *1 (S.D.N.Y. Sept. 29, 2026) (releasing immigrant petitioner, a citizen of Burkina Faso, that the Government detained pursuant to 8 U.S.C. § 1231 and sought to remove to a third country after respondents filed "a letter of non-opposition" (internal quotation marks omitted)). Moreover, I find that the additional requested relief, including regarding any removal to a third country, is appropriate.

Therefore, in light of Respondents' non-opposition to Petitioner's immediate release from custody, it is hereby ORDERED that the Petition is GRANTED and that Petitioner be released from custody no later than 12:00 p.m. on October 2, 2026, subject to no conditions of

supervision beyond those that she was subject to prior to her September 22, 2026 detention. Respondents shall consult with Petitioner's counsel to facilitate Petitioner's release in an orderly manner. Respondents shall certify compliance with this Order through a filing on the docket no later than October 2, 2026.

Furthermore, in light of Respondents' failure to oppose the Petition, Respondents are further ORDERED to return Petitioner's property in full; to provide written advance notice to Petitioner and her counsel with respect to any third country removal; and to not detain Petitioner on the basis of her 2014 removal order absent further order from this Court or specific changed circumstances with regard to her immigration status.

The hearing scheduled for October 7, 2026 is cancelled. The Clerk of Court is respectfully directed to enter judgment in Petitioner's favor pursuant to Fed. R. Civ. P. 58.

SO ORDERED.

Dated: October 1, 2026
New York, New York

Vernon S. Broderick
United States District Judge